USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/12/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                                     :
GORDON SURGICAL GROUP, P.C.,                                         :
PREMIER MEDICAL ASSOCIATES OF THE                                    :
HUDSON VALLEY LLP *and* NORTHERN                                     :     1:21-cv-4796-GHW
WESTCHESTER SURGICAL ASSOCIATES,                                     :
LLP,                                                                 :     <u>ORDER</u>
                                                                     :
                                    Plaintiffs,                      :
                                                                     :
                    -against-                                        :
                                                                     :
EMPIRE HEALTHCHOICE HMO, INC. *and*                                  :
EMPIRE HEALTHCHOICE ASSURANCE,                                       :
INC.,                                                                :
                                                                     :
                                    Defendants                       :
-------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

In dismissing without prejudice the second amended complaint, the Court expressed its concerns regarding the potentially improper joinder of the three plaintiffs' 291 "medical claims,"[1] only 209 of which were governed by ERISA plans,[2] and all of which were governed by a total of 72 different health insurance plans overall.[3]  In response to briefing on the Court's subsequent order to show cause on the joinder issue, Magistrate Judge Parker recommended "permitt[ing Plaintiffs] to replead" in the third amended complaint "claims with common plan terms and overlapping witnesses."  Dkt. No. 99 (the "Second R&R") at 7–8.  Plaintiffs agreed with this recommendation. *See* Dkt. No. 104 (the "Response").  But Defendants proposed narrowing it further, "to apply only to plans of the same employer or sponsor issued the *same year*," such that "all claims for patients who

---

[1] "Medical claims" is the term Plaintiffs used, in the second amended complaint, to refer to "reimbursement for medically necessary health care services provided to 130 patients . . . , as set forth [in] 299 individual medical claims."  *See* Dkt. No. 58 (the "SAC") ¶ 22.  The Court uses the term "medical claims" throughout accordingly.
[2] The parties do not dispute that 79 medical claims are governed by non-ERISA plans.
[3] As noted by Defendants and Magistrate Judge Parker, Plaintiffs asserted causes of action for 299 medical claims concerning services provided to 130 patients, whereas the exhibit attached to the SAC listed 291 medical claims for 126 patients.  *See* SAC ¶ 22.  Like Judge Parker, the Court relies on Plaintiffs' Exhibit 1 for purposes of this order.

received medical services by Plaintiffs under the coverage year of a single plan may be grouped together in a single lawsuit," Dkt. No. 100 (the "Objections") at 6.

Although Judge Parker's approach was thoughtfully considered, the Court agrees with Defendants that narrowing the subset further to include plans issued in the same year will better serve the interests of judicial economy, as well as ensuring that the surviving claims are logically related—involving the same transaction or occurrence, or common questions of law or fact. For the reasons that follow, the Second R&R is modified accordingly, and all of Plaintiffs' claims *except* those involving one singular ERISA healthcare plan in a singular year are dismissed without prejudice.[4] Because the dismissal is without prejudice, this opinion does not bar Plaintiffs from pursuing each of their claims involving different years or different health insurance plans in separate civil actions, in any appropriate federal or state court.

I.   BACKGROUND

The Court refers to the December 7, 2023 Report and Recommendation for a comprehensive description of the facts of this case. *See* Dkt. No. 85 (the "First R&R") at 2–8. Procedurally, it commenced with Plaintiffs filing the initial complaint on June 1, 2021, the amended complaint on February 25, 2022, and the second amended complaint (the "SAC") on February 3, 2023. Dkt. Nos. 1, 35, 58. Plaintiffs brought suit under Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") and state law, asserting seven causes of action. *See* SAC.

On March 31, 2023, Defendants moved to dismiss the SAC on the ground that Plaintiffs failed to state a claim under ERISA and state law. Dkt. No. 63. On December 7, 2023, Magistrate Judge Parker issued the First R&R, recommending that the motion to dismiss the SAC be granted in full, and that leave to amend the complaint for the third time be denied. *See* First R&R at 34–35. On March 14, 2024, the Court adopted in full Judge Parker's recommendation that Defendants'

---

[4] Plaintiffs may select the appropriate subset of claims to replead in this action consistent with this ruling.

motion to dismiss be granted, but the Court granted Plaintiffs leave to amend the complaint a third time. Dkt. No. 90. In doing so, the Court noted its "substantial concerns that [Plaintiffs'] claims have been improperly joined into a single federal action." *Id.* at 21. It then issued an order to show cause, directing Plaintiffs "to show cause by April 17, 2024 why the Court should not dismiss all claims *except* those by a single plaintiff involving one singular ERISA healthcare plan, without prejudice to refiling each of Plaintiffs' claims involving different health insurance plans in separate civil actions." Dkt. No. 91 (the "OTSC") at 3 (emphasis in original).

Plaintiffs responded to the OTSC on April 19, 2024, arguing that misjoinder of parties is not applicable to this case, that filing new lawsuits would not promote judicial economy, and that the "balance of the equities" favors Plaintiffs. Dkt. No. 94. Defendants filed their reply on May 3, 2024, arguing that the SAC improperly joined 291 "medical claims," which do not arise out of the same transaction or occurrence, and lack any common questions of law or fact, and arguing that severance is further supported by concerns of judicial economy, prejudice, and issues of overlapping witnesses/evidence. Dkt. No. 97.

On May 16, 2024, Judge Parker issued a Report & Recommendation on the order to show cause, reviewing the rules of joinder under Federal Rules of Civil Procedure 18, 19, and 20, and concluding with the recommendation that "Plaintiffs be permitted to replead and include claims with common plan terms and overlapping witnesses consistent with [her analysis] and without prejudice to filing separate actions in this District or in state court, as appropriate, as to the remaining claims." Dkt. No. 99 (the "Second R&R") at 7–8.

Defendants filed objections on May 30, 2024, arguing that the Second R&R's recommendation was overly broad because "[e]ach health benefits plan has different terms, claims administrators, and decision makers resulting in an array of different fact witnesses." Dkt. No. 100 (the "Objections") at 4. Defendants accordingly "request[ed] that the Court narrow [the] scope" of the Second R&R's recommendation, narrowing it "to apply only to plans of the same employer or

3

sponsor issued the *same year*," such that "all claims for patients who received medical services by Plaintiffs under the coverage year of a single plan may be grouped together in a single lawsuit." *Id.* at 6 (emphasis in original).  Under Defendants' approach, "[f]or example, all patients who were enrolled in the 2016 Verizon plan could be joined in the same lawsuit as the same 'relevant [plan] provisions' would be at issue and there is more likely to be 'overlapping witnesses.'" *Id.*  This is because, Defendants argue, "plan terms can vary year to year for the same employer as can the claims administrator, so it is not enough to simply group each set of claims by the employer or sponsor." *Id.* (citing Dkt. No. 65-2 (the "Sirota Decl.")).  Defendants argue that this approach "will still reduce the number of individual suits that Plaintiffs must file, but also appropriately group the claims 'logically.'" *Id.* (citing *Liu v. Selective Ins. Co. of Am.*, No. 13-cv-5997 (JS)(AKT), 2013 WL 6537176, at *2 (E.D.N.Y. Dec. 13, 2013)).

  Plaintiffs did not object to the Second R&R, although they responded to Defendants' objection on June 6, 2024.  *See* Response.  Plaintiffs urged the Court to adopt Judge Parker's recommendation in full, asserting, first, that "misjoinder is not applicable here" because "Plaintiffs' claims are alleged against a *single* insurer/health plan company," and "[t]o the extent permissive joinder does apply, Plaintiffs are readily able to meet the elements of [Federal Rule of Civil Procedure] 20(a)(2):  the entirety of Plaintiffs' claims arise out of Empire's unauthorized denial and nonpayment for claims that are governed by ERISA . . . and . . . many of the plans include substantially similar or identical boilerplate provisions utilized by Empire nationwide." *Id.* at 2.

  Plaintiffs also argue that severance would not serve judicial economy, asserting that "[i]f the Court were to adopt Empire's suggestion that Plaintiffs further narrow their claims by plan and year, Plaintiffs would be forced to file nearly 50 different lawsuits, imposing a tremendous burden upon the federal district court system." *Id.*  And Plaintiffs argue that they would be "severely prejudiced if forced to sever," given that they are "three small medical practices now out of active practice (in part, due to Empire's failure to make payment for their services)," that Empire is "a multi-billion

4

dollar company," and that "over three years of the instant litigation" has already taken place. *See id.* at 3. They argue that, regarding the "balance of the equities," it "would be fundamentally unfair" to "forc[e] Plaintiffs to commence multiple lawsuits all with the same allegations against Empire" given these circumstances. *Id.* Last, Plaintiffs argue that "considering [that] Empire administered each and every ERISA plan at issue, Plaintiffs expect their claims to involve the same witnesses and very similar (if not the same) evidentiary material," such that the claims share a "logical relationship" and involve "common questions of law for violations of ERISA." *Id.*

## II.     STANDARD OF REVIEW

District courts may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A district court must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "To the extent, however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-cv-6865-LTS-GWG, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008) (citation omitted); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (citation omitted). "Objections of this sort are frivolous, general and conclusory and would reduce the magistrate's work to something akin to a meaningless dress rehearsal. The purpose of the Federal Magistrates Act was to promote efficiency of the judiciary, not undermine it by allowing parties to relitigate every argument which it presented to the Magistrate Judge." *Vega v. Artuz*, No. 97 Civ. 3775 (LTS)(JCF), 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (internal quotation marks and

citations omitted).

### III. DISCUSSION

The Court treats Defendants' objections to Judge Parker's conclusions in the Second R&R as sufficiently precise to merit *de novo* review. Defendants timely objected, and their objections are "specific and clearly aimed at particular findings in the magistrate judge's proposal." *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (citation omitted). Therefore, the Court reviews these conclusions *de novo*.

Plaintiffs did not timely file objections to Judge Parker's Second R&R. Accordingly, to the extent that any of the arguments raised in the Response take issue with Judge Parker's conclusion that Plaintiffs' claims in the SAC were improperly joined, any such argument is not entitled to *de novo* review. *See, e.g.*, *Holmes v. Miller*, No. 1:22-CV-06388-MKV, 2023 WL 8018111, at *1 (S.D.N.Y. Nov. 20, 2023) ("'[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.' Therefore, even when untimely objections to a magistrate judge's R&R are received before a district court issues an order adopting the R&R, the district court may still review the R&R for clear error." (quoting *F.D.I.C. v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995)); *see also id.* (collecting cases). The Court has reviewed this portion of the R&R for clear error and finds none.

Judge Parker correctly set forth the law on joinder in the Second Circuit, and she correctly concluded that "reducing any amended pleading to a single action involving a single patient's claims under a single plan and allowing Plaintiffs to file separate actions as to the other patient's claims is too narrow a limitation." Second R&R at 7. But Defendant's opposition acknowledges a misplaced assumption in Judge Parker's thoughtfully reasoned proposal—namely, that "all of the claims associated with a single ERISA plan . . . would have all been decided by the same claims administrator," and that the plan terms would remain the same from year to year. *See id.*; *see also* Objections at 6 ("[P]lan terms can vary year to year for the same employer as can the claims

6

administrator, so it is not enough to simply group each set of claims by the employer or sponsor." (citing the Sirota Decl.)). The Court also fears that Judge Parker's proposal, while thoughtfully reasoned, may prolong the litigation through additional motion practice on motions to sever, especially given the lack of clarity as to which specific grouping(s) of claims might yield the "efficiencies" contemplated by the proposal. For example, the Court is unaware at this time of which of the 291 different medical services claims may share overlapping witnesses, or what plan terms might be sufficiently "common" or analogous such that permissive joinder is appropriate.

The Court therefore adopts the following limitation on the Second R&R's proposal: all of Plaintiffs' claims are dismissed, *except* those involving one singular ERISA healthcare plan in a singular given year, without prejudice to refiling each of Plaintiffs' claims involving different health insurance plans or different years in separate civil actions. The Court makes this decision pursuant to its "broad discretion in determining whether to add or drop parties," *Urban v. Hurley*, 261 B.R. 587, 593 (S.D.N.Y. 2001), discretion which is guided by "principles of fundamental fairness and judicial efficiency." *Anwar v. Fairfield Greenwich Ltd.*, 118 F. Supp. 3d 591, 619 (S.D.N.Y. 2015) (citation omitted). As more fully laid out in the Court's April 3, 2024 order to show cause, "[t]he cases make it clear that parties are misjoined when they fail to satisfy either of the preconditions for permissive joinder of parties set forth in Rule 20(a)." 7 FED. PRAC. & PROC. CIV. § 1683 (3d ed.); *see also* OTSC (collecting cases). The proposal the Court adopts is adequate to permit the joinder of parties whose claims arise out of the same transaction, occurrence, or series of transactions or occurrences, and for which there are common questions of law or fact. *See* Fed. R. Civ. P. 20(a)(2); *Arch Ins. Co. v. Harleysville Worcester Ins. Co.*, 56 F. Supp. 3d 576, 583 (S.D.N.Y. 2014) ("[Rule 20] permits joinder when the relief sought arises out of the same transaction, occurrence, or series of transactions or occurrences, and there is a common question of law or fact.").

By narrowing the scope of the joined claims in this way, the Court may adequately examine "(1) whether the relevant plaintiff has exhausted its administrative remedies as to each medical claim

governed by each ERISA plan, (2) whether the relevant plaintiff has adequately pleaded its status as a plan participant or beneficiary, given each ERISA plan's anti-assignment provision or lack thereof, and (3) whether the relevant plaintiff has adequately pleaded wrongful denial of benefits—which may require, for example, 'specify[ing] the relevant Plan provision that would entitle Plaintiffs to the requested relief for each Medical Claim' and specifying 'how the wrong reimbursement rates were applied, [and] that Plaintiffs are entitled to the requested reimbursements,' and (4) whether the claims are time-barred given the limitations period provided by each plan." *See* OTSC at 2–3.

That this approach may result in Plaintiffs filing "nearly 50 different lawsuits," *see* Response at 2, does not move the Court.[5] In this action, Plaintiffs improperly attempted to consolidate their claims for 291 medical services claims, arising under 72 separate health insurance plans, affecting over a hundred different patients, into a single federal action containing only seven claims for relief. Such an action itself "impos[es] a tremendous burden" upon Defendants and the Court. *See id.*

That Plaintiffs feel severance is "unfair" is unavailing because this result stems entirely from their improper effort to join a broad dispersion of claims into a single action. While the Court appreciates that Plaintiffs view this approach as efficient for them (it saves filing and attorneys' fees), the rules do not permit a party to glom together numerous disparate claims just because it saves them money. The Federal Rules of Civil Procedure apply notwithstanding any party's financial means.

The Court appreciates Plaintiffs' argument that the case was pending for a lengthy period before the issue of improper joinder was noted. However, the Court first engaged in a detailed assessment of the pleadings in response to the March 31, 2023 motion to dismiss the second amended complaint, which was filed on February 3, 2023. Delays associated with Plaintiffs' prior

---

[5] Nor is it clear to the Court that Judge Parker's proposal would result in significantly fewer lawsuits in Plaintiffs' view, in comparison to the one-year limitation added by the Court's approach. And again, to the extent that Plaintiffs' Response takes issue with Judge Parker's initial conclusion on misjoinder, any such arguments are untimely.

amendments to the complaint have little weight in the Court's analysis of the equities. Fundamentally, this result is the natural consequence of Plaintiffs' strategic decision to improperly join disparate claims—not the fact that their effort was uncovered.

## IV. CONCLUSION

For these reasons, the Court modifies the Second R&R and dismisses all of Plaintiffs' claims *except* those involving one singular ERISA healthcare plan in a singular given year, without prejudice to refiling each of Plaintiffs' claims involving different health insurance plans or different years in separate civil actions. In addition, the deadline for Plaintiffs to file the third amended complaint is extended to July 31, 2024.

SO ORDERED.

Dated: June 12, 2024  
New York, New York

GREGORY H. WOODS  
United States District Judge